IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES WILLIS,

     Plaintiff,

     v.                                 No. CIV 14-0696 JB/LAM

THE BOARD OF BERNALILLO
COUNTY COMMISSIONERS, et al.,

     Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's ***Motion Asking for Payment to be Excused*** (*Doc. 8*).   Plaintiff filed the motion in response to an order that directed him to make an initial installment payment towards the filing fee, as required under 28 U.S.C. § 1915(b)(2). [*Doc. 7*].   Plaintiff has not made the payment, and as grounds for excusing the payment he alleges that he "does not have $8.41 at this time."   [*Doc. 8* at 1].   The Court will deny Plaintiff's request.

At the time Plaintiff filed his second motion for leave to proceed *in forma pauperis* [*Doc. 6*], his supporting documentation indicated that he had been receiving regular deposits to his inmate account and had an adequate balance with which to make the payment.   *See* [*Doc. 5*] (showing a balance of $38.81).   Plaintiff does not explain why he did not make the payment or why he depleted his account.   There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation.   *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997).   "If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action."   *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (citations omitted).   "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or

commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, No. 00-1332, 9 Fed. Appx. 947, 949, 2001 WL 617549 (10th Cir. June 5, 2001) (unpublished).   Plaintiff will be required to make the previously ordered payment.

*As the Court has advised before, Plaintiff's failure to comply with the Court's order or statutory payment requirements, or to show cause for excusing the failure, may result in dismissal of the complaint.   Merely stating that Plaintiff does not have the money at this time does not constitute good cause to excuse his failure to pay.*

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion Asking for Payment to be Excused* (*Doc. 8*) is **DENIED**; and within **twenty-one (21) days from entry of this Order Plaintiff shall make the payment of $8.41 or show cause why the payment should be excused**.

**IT IS SO ORDERED.**

**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**